IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-199-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID CHRISTOPHER MAYHEW, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on motions by defendant David Christopher Mayhew ("defendant") for notice of intent to use Rule 404(b) evidence (D.E. 23), disclosure of *Brady* and *Giglio* material (D.E. 24), sequestration of government witnesses (D.E. 25), and disclosure of summary exhibits (D.E. 26). Supporting memoranda are incorporated into each motion. The government filed responses (D.E. 31, 32, 33) to three of defendant's motions. The government did not file a response to defendant's motion for notice of intent to use Rule 404(b) evidence, and the time within which to do so has expired. The motions were referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A) and are ready for adjudication. The court's rulings on the motions and the reasons for them are set out below.

### DISCUSSION

#### I. RULE 404(b) EVIDENCE (D.E. 23)
**(Granted)**

As indicated, defendant seeks an order, pursuant to Fed. R. Evid. 404(b), requiring the government to disclose the substance of any evidence of defendant's prior crimes, wrongs, or other bad acts the government intends to introduce at trial. As noted, the government did not file a response to this motion. In a criminal case, Rule 404(b) requires the prosecution, upon request by the accused, to "provide reasonable notice in advance of trial . . . of the general nature of any .

. . . [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Therefore, defendant's motion with respect to notice of Rule 404(b) evidence is GRANTED, and the government is ORDERED to notify defendant, at least one week prior to the date on which the trial is scheduled to begin, of the general nature of Rule 404(b) evidence, if any, it intends to introduce at trial. *See United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (holding that while disclosure of Rule 404(b) information three days prior to trial would not be reasonable, disclosure one week prior to trial would be sufficient). This order does not require the government to disclose the Rule 404(b) evidence itself.

## II. *BRADY/GIGLIO* MATERIAL (D.E. 24)
### (Granted in Part and Denied in Part)

Defendant requests that the government be ordered to produce immediately, but in no event later than 60 days before trial, all exculpatory and impeachment evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The government responds that no specific deadline is required for disclosure of these materials.

It is well-settled that prior to trial the government must produce any evidence that is "favorable to an accused . . . [if] the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. Such evidence includes impeachment evidence relating to the government's witnesses, including evidence of immunity, leniency, or preferential treatment given to government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972); *see also United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988) (holding that promises of leniency or other inducements to government witnesses to testify must be disclosed to defendant). Although the government is correct that a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that the government must disclose exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v.*

*Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The court finds here that disclosure of the requested information at least seven days prior to trial would be sufficient. Accordingly, defendant's motion is GRANTED IN PART and DENIED IN PART, and the government shall disclose to defendant's counsel all *Brady* or *Giglio* material sought by defendant no later than seven days before the date on which the trial is scheduled to begin, if it has not already done so.

### III. SEQUESTRATION OF WITNESSES (D.E. 25)
### (Granted in Part and Denied in Part)

Defendant seeks an order, pursuant to Fed. R. Evid. 615, (1) excluding all government witnesses from the courtroom during the examination of any other witness and (2) prohibiting the government's prosecutor and case agents from revealing anything about the testimony of a government witness to any other witness who will be called by the government. While the government does not oppose defendant's request to sequester government witnesses, it requests that the sequestration also be applied to defense witnesses and that the court exempt from the sequestration requirement one case agent designated by the government. The government further requests that the court permit three agents involved in the case[1] to

> [discuss] trial testimony with each other, counsel for the Government, and any non-witness for the purpose of assisting the Government in the prosecution of this case, provided that any interviews or other trial preparation of these agents by counsel for the Government during the course of the trial be conducted outside the presence of the other testifying agents or any other trial witness.

(Gov.'s Resp. 2).

Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses," and such sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir.

---

[1] The government identifies these agents as IRS Agent Thaddeous Miller, Postal Inspector Angela Ellison, and FBI Agent James Cheroke. (Gov. Resp. 1).

1986). Further, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-F-10, 2013 WL 2382306, at *1 (30 May 2013 E.D.N.C.) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.")). However, excluded from the sequestration requirement is "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615(2). A government investigative agent involved in a criminal prosecution falls within this exception. *Farnham*, 791 F.2d at 334. However, only one agent may be exempted from sequestration under this exception. *Id.* ("[T]he district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify.") (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)). Nevertheless, "Rule 615 does not prevent the government's prosecutor from discussing with government investigating agents or non-law enforcement witnesses who will testify at trial the testimony of previously called witnesses." *McCall*, 2013 WL 2382306, at *2 (citing *Rhynes*, 218 F.3d at 317 (rejecting the argument that defense counsel violated Rule 615 when he discussed a prior witness's testimony with a witness who had not yet testified on the grounds that, unlike trial witnesses, lawyers have an ethical obligation to the court not to knowingly present perjured testimony)).

Pursuant to the authority discussed above, defendant's motion to sequester witnesses is GRANTED IN PART and DENIED IN PART as follows:

1. All trial witnesses, except as specified in ¶ 2 below, shall be excluded from the trial so that they cannot hear the testimony of other witnesses until such trial witnesses have themselves testified. All trial witnesses shall be prohibited from revealing previous trial testimony to any

4

Case 5:13-cr-00199-F   Document 34   Filed 01/16/14   Page 4 of 7

witnesses who have not yet testified. Because the government has failed to adequately justify why an exception to sequestration should be made for all three case agents who will testify, the government's request for such an exception is DENIED.

2. Subject to further order by the trial judge, the government shall be allowed to designate one case agent, pursuant to Rule 615(2), to be present throughout the trial even if that agent is expected to testify. Defendant may also be present throughout the trial, even if he is expected to testify. Fed. R. Evid. 615(1) (parties who are natural persons are excluded from sequestration).

3. To the extent that defendant seeks an order preventing trial counsel from discussing with witnesses the testimony of previously called witnesses, the motion is DENIED.

### IV. DISCLOSURE OF SUMMARY EXHIBITS (D.E. 26)
### (Granted)

Defendant seeks an order pursuant to Fed. R. Evid. 1006 requiring the government to produce any summary exhibit it intends to introduce into evidence at least 14 days prior to trial. The government agrees that the 14-day period for production of such exhibits is appropriate, but requests that defendant be subject to the same requirement. The government further requests that the court impose the following additional requirements:

-Within one week of the chart, summary, or calculation being disclosed, the opposing party shall have the opportunity to prepare and disclose its own summary, chart, or calculation based on the same underlying originals or duplicates.

-All demonstrative exhibits that do not fall under Rule 1006 because they will be based on material or testimony introduced into evidence at trial shall be disclosed to the opposing party no later than the Friday before the trial is set to begin.

-Subsequent modifications or adjustments to any chart, summary, calculation, or demonstrative exhibit will be allowed as long as the first draft and the underlying materials were disclosed within the time periods identified above and the changes do not unduly prejudice the opposing party.

5

(Gov.'s Proposed Order (D.E. 33-1)). Defendant did not object to these additional conditions.

Federal Rule of Evidence 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. Accordingly, defendant's motion for production of summary exhibits is GRANTED as follows:

1. Each party shall disclose to the other party any summary, chart, or calculation intended to be introduced as evidence under Fed. R. Evid. 1006 along with copies of the underlying information upon which such summary, chart, or calculation is based no later than 14 days before the date on which the trial is scheduled to begin.

2. Within one week of a party's production of a chart, summary, or calculation pursuant to ¶ 1, the opposing party shall have the opportunity to prepare and disclose its own corresponding summary, chart, or calculation based on the same underlying information.

3. All demonstrative exhibits that a party does not intend to introduce as evidence at trial but that are based on material or testimony that is introduced into evidence at trial shall be disclosed to the opposing party no later than three business days before the trial is set to begin.

4. Subsequent modifications of or adjustments to any chart, summary, calculation, or demonstrative exhibit are allowed as long as the first draft and the underlying materials were disclosed within the time periods specified above and the changes do not unduly prejudice the opposing party.

## **CONCLUSION**

In summary, the court rules as follows:

1. Defendant's motion seeking notice of the government's intent to use Rule 404(b) evidence (D.E. 23) is GRANTED.

2. Defendants' motion for disclosure of *Brady* and *Giglio* material (D.E. 24) is GRANTED IN PART and DENIED IN PART

3. Defendants' motion for sequestration of government witnesses (D.E. 25) is GRANTED IN PART and DENIED IN PART.

4. Defendants' motion for disclosure of summary exhibits (D.E. 26) is GRANTED.

SO ORDERED, this, the 16th day of January 2014.

_____
James E. Gates
United States Magistrate Judge