IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-199-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF REVOCATION OF** |
| | ) | **PRETRIAL RELEASE AND FOR** |
| DAVID CHRISTOPHER MAYHEW, | ) | **DETENTION PENDING TRIAL** |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the petition (D.E. 37), pursuant to 18 U.S.C. § 3148(b), for revocation of defendant's pretrial release, on which he was placed on 22 July 2013 (*see* Release Order (D.E. 9). The petition is based on defendant's alleged continued participation after release in the same type of felonious financial fraud that is the basis of the indictment against him. Such alleged conduct is detailed in two affidavits supporting search warrants issued by this court 18 February 2014. *See* Aff. (D.E. 1) ¶¶ 17.n to 24, Case No. 5:14-MJ-1089; Aff. (D.E. 1) ¶¶ 11.n to 18, Case No. 5:14-MJ-1090. In addition, at the revocation hearing, the government proffered evidence of account transfers tending to corroborate the information in the affidavits regarding such continued offense conduct by defendant. The post-release conduct allegedly occurred from 17 August 2013 through at least 15 January 2014. It involved defrauding a victim of over $200,000 and use of some of the funds to pay his then lawyer in this case. Defendant presented no evidence at the hearing.

After careful consideration of the credible information and argument presented, and for the reasons stated herein and in open court, IT IS ORDERED that the petition for revocation is ALLOWED. The court finds that there is probable cause to believe that defendant committed federal felonies while on release in violation of the condition in the Release Order that "[t]he defendant must not violate any federal, state or local law while on release." Release Order ¶ (1);

*see also* 18 U.S.C. § 3148(b)(1)(A). There is accordingly a rebuttable presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b). Defendant failed to rebut this presumption.

Alternatively, irrespective of the presumption, the court finds, based on the factors set forth in 18 U.S.C. § 3142(g), that there is no condition or combination of conditions of release that will assure that defendant will not flee or pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b)(2)(A). Considerations supporting this finding include: defendant's commission of such serious violations of the Release Order so soon after being placed on release; defendant's demonstrated ability to generate substantial income through fraudulent schemes, which could be used to facilitate flight; and the increased incentive defendant now has to flee as a result of possible additional federal felony charges arising from his post-release conduct as well as the enhanced penalties defendant may face under 18 U.S.C. § 3147 if convicted on such charges.

The court further finds that defendant is unlikely to abide by at the very least the condition that he not violate any federal, state, or local law while on release. *See* 18 U.S.C. § 3148(b)(2)(B). The unlikelihood of his compliance with this condition is shown by, among other evidence, his prior violation of it so soon after being placed on release.

IT IS THEREFORE FURTHER ORDERED that defendant's pretrial release is REVOKED and defendant is COMMITTED to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court

of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of March 2014.

                                                                                              _____
                                                                                              James E. Gates
                                                                                              United States Magistrate Judge